## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| Petitions for Review of Orders of the | ) | |
| Federal Energy Regulatory Commission: | ) | MCP No. 23-6 |
| *Improvements to Generator Interconnection* | ) | |
| *Procedures and Agreements,* | ) | |
| 184 FERC ¶ 61,054 (issued July 28, 2023), and | ) | |
| 184 FERC ¶ 62,163 (issued Sept. 28, 2023) | ) | |

## NOTICE OF MULTICIRCUIT PETITIONS FOR REVIEW

Pursuant to 28 U.S.C. § 2112(a)(3) and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Federal Energy Regulatory Commission ("FERC" or the "Commission") notifies the Judicial Panel that it has received multiple petitions for review—filed in and date-stamped by four different courts of appeals—of Commission orders issued in *Improvements to Generator Interconnection Procedures and Agreements*, FERC Docket No. RM22-14.  The FERC orders at issue are:  (1) Order No. 2023—Final Rule, 184 FERC ¶ 61,054 (issued July 28, 2023) ("Order 2023"), and (2) Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 184 FERC ¶ 62,163 (issued Sept. 28, 2023) ("September 28 Notice").[1]

---

[1] The Notice states that the Commission intends to issue another order on requests for rehearing of Order 2023:  "As provided in 16 U.S.C. § 825*l*(a), the requests for rehearing of the above-cited order filed in this proceeding will be addressed in a future order to be issued consistent with the requirements of such section."  In light of the still-pending agency proceeding and the possibility of new petitions for review of that future order, the Commission notes that the parties may seek to file motions as appropriate with the designated court of appeals after this Panel makes its random selection under 28 U.S.C. § 2112(a).

As required by Panel Rule 25.2, the Commission submits with this Notice: (1) a schedule listing petitions for review filed in the circuit courts of appeals within ten days after the issuance of the most recent agency order and received by the Commission within that time period (Attachment A), and (2) copies of each petition (Attachment B).  Pursuant to 28 U.S.C. § 2112(a)(1)–(3) and Panel Rule 25.2(c), this notice exclusively embraces court-stamped petitions for review filed in the courts of appeals within the 10-day period following the Commission's issuance of the September 28 Notice, and received by the Commission within that period.[2]  *See In re FERC*, 341 F. Supp. 3d 1378, 1379 (J.P.M.L. 2018) ("If the agency receives, within the ten-day period, two or more date-stamped petitions for review filed in different courts of appeals, then the Panel 'shall, by means of random selection,' designate the court in which the agency shall file the record.") (citing 28 U.S.C. § 2112(a)(1) and (3), quoting § 2112(a)(3)); *see also id.* at 1380 n.2 (noting that a court stamp from the court's electronic filing system satisfies § 2112(a) and need not be "an ink stamp of a physical document").

In accordance with Panel Rule 25.3, as indicated in the attached certificate of service, the Commission is filing and serving this notice on the clerks of the courts of appeals where petitions for review have been filed, along with counsel for all parties in these petitions for review.

---

[2] Under Federal Rule of Appellate Procedure 26(a)(1), the ten-day period expired on October 10, 2023, one day after the Columbus Day holiday.  *See* https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=2023.

Respectfully Submitted,

Robert H. Solomon
Solicitor

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Attorney

Federal Energy Regulatory
   Commission
Washington, DC  20426
Tel.:      202.504.8464
Email:  Susanna.Chu@ferc.gov

October 23, 2023

# ATTACHMENT 1

## Rule 25.2(b)(ii) Schedule

Issuance Date of FERC Orders:  July 28, 2023 and September 28, 2023

| Case Name | Circuit Court | Docket Number | Filing Date | Date Received by FERC |
|---|---|---|---|---|
| *FirstEnergy Service Co. v. FERC* | Sixth Circuit | 23-3815 | Oct. 6, 2023 | Oct. 6, 2023 |
| *Advanced Energy United, et al. v. FERC* | D.C. Circuit | 23-1282 | Oct. 6, 2023 | Oct. 10, 2023 |
| *PJM Interconnection, LLC v. FERC* | Third Circuit | 23-2830 | Oct. 6, 2023 | Oct. 10, 2023 |
| *Southwest Power Pool, Inc. v. FERC* | Eighth Circuit | 23-3232 | Oct. 6, 2023 | Oct. 10, 2023 |

**Additional Petitions Filed and Recorded in FERC Docket,
But Not Received by the Commission Within Ten-Day Timeframe**

| Case Name | Circuit Court | Docket Number | Filing Date | Date Received by FERC |
|---|---|---|---|---|
| *Midcontinent Independent System Operator, Inc. v. FERC* | D.C. Circuit | 23-1284 (consolidated with D.C. Cir. No. 23-1282, pursuant to Clerk's order | Oct. 10, 2023 | Oct. 12, 2023 |
| *PacifiCorp v. FERC* | D.C. Circuit | 23-1289 (consolidated with D.C. Cir. Nos. 23-1282 and 23-1284, pursuant to Clerk's order | Oct. 17, 2023 | Oct. 17, 2023 |

# ATTACHMENT 2

## CERTIFICATE OF SERVICE

In accordance with Rule 25.3 of the Judicial Panel on Multidistrict Litigation and Federal Rule of Appellate Procedure 25(a), I certify that, on this 23rd day of October, 2023, a copy of the foregoing was served electronically, in accordance with the applicable ECF procedures of the following courts:

Mark J. Langer
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Room 5423
Washington, DC  20001

Patricia S. Dodszuweit
Clerk of the Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA. 19106-1790

Deborah S. Hunt
Clerk of the Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio  45202-3988

Michael E. Gans
Clerk of the Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO  63102

Copies of the foregoing notice were also served on counsel through the ECF systems of the U.S. Court of Appeals for the District of Columbia Circuit and the U.S. Courts of Appeals for the Third, Sixth, and Eighth Circuits, or by email. Service was provided to:

John Lee Shepherd, Jr.
Hunton Andrews Kurth
2200 Pennsylvania Avenue, N.W.
Suite 930
Washington, DC 20037
Tel.:  202-419-2135

Charles Dixon Wallace, III
Hunton Andrews Kurth
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Tel.:  804-344-7955

*Counsel for Petitioner FirstEnergy Service Co.* (6th Cir. 23-3815)

Jeremy McDiarmid
Advanced Energy United
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.:  617-429-0677
Email:  jmcdiarmid@advancedenergyunited.org

*Counsel for Petitioner Advanced Energy United (D.C. Cir. 23-1282)*

Gabriel Loew Tabak
American Clean Power Association
1501 M Street, NW
Washington, DC 20005
Email:  gtabak@awea.org

*Counsel for Petitioner American Clean Power Association (D.C. Cir. 23-1282)*

Benjamin Norris, IV
Solar Energy Industries Association
1425 K Street, NW
Washington, DC 20005
Tel.:  518-421-3260
Email:  bnorris@seia.org

*Counsel for Petitioner Solar Energy Industries Association (D.C. Cir. 23-1282)*

Ryan J. Collins, Esq.
Wright & Talisman
1200 G Street NW
Suite 600
Washington, DC 20005
Tel.:  202-393-1200
Email:  collins@wrightlaw.com

Wendy B. Warren, Esq.
Wright & Talisman
1200 G Street NW
Suite 600
Washington, DC 20005
Tel.:  202-393-1200
Email:  warren@wrightlaw.com

*Counsel for Petitioner PJM Interconnection LLC (3d Cir. 23-2830)*

Matthew Joseph Binette
WRIGHT & TALISMAN
Suite 600
1200 G Street, N.W.
Washington, DC 20005-0000
Tel.:  202-393-1200

Elizabeth P. Trinkle
WRIGHT & TALISMAN
Suite 600
1200 G Street, N.W.
Washington, DC 20005-0000

Priyanka Vashisht
WRIGHT & TALISMAN
Suite 600
1200 G Street, N.W.
Washington, DC 20005-0000

*Counsel for Petitioner Southwest Power Pool, Inc. (8th Cir. 23-3232)*

Christopher Davies Supino, Attorney
Midcontinent Independent System Operator, Inc.
720 City Center Drive
Carmel, IN 46032
Tel.: 317-249-5256
Email: csupino@misoenergy.org

Ilia Levitine
Duane Morris LLP
Firm: 202-776-7800
901 New York Avenue, NW
Suite 700 East
Washington, DC 20001
Direct: 202-776-5218
Email: ilevitine@duanemorris.com

*Counsel for Petitioner Midcontinent Independent System Operator, Inc. (D.C. Cir. 23-1284)*

Misha Tseytlin
Troutman Pepper Hamilton Sanders LLP
227 West Monroe Street
Suite 3900
Chicago, IL 60606
Tel.: 312-759-1920
Email: Misha.tseytlin@troutman.com

Christopher Rhodes Jones
Troutman Pepper Hamilton Sanders LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004
Tel.: 202-220-1200
Email: christopher.jones@troutmansanders.com

Adrienne Thompson
Troutman Pepper Hamilton Sanders LLP
100 SW Main Street
Suite 1000
Portland, OR 97204
Tel.:  503-290-2347
Email:  adrienne.thompson@troutmansanders.com

*Counsel for Petitioner PacifiCorp (D.C. Cir. 23-1289)*

                                        /s/ *Susanna Y. Chu*
                                        Susanna Y. Chu
                                        Attorney

Federal Energy Regulatory
    Commission
Washington, DC  20426
Tel.:     (202) 502-8464
Email:  Susanna.Chu@ferc.gov

# Attachment 3

6th Circuit 23-3815



HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074


TEL   804 • 788 • 8200
FAX   804 • 788 • 8218


C. DIXON WALLACE III
DIRECT DIAL: 804 • 344 • 7955
EMAIL: dwallace@HuntonAK.com

October 6, 2023


Kimberly D. Bose, Secretary
Federal Energy Regulatory Commission
888 First Street NE
Washington, DC 20426

Re:   Petition for Review of Order of the Federal Energy Regulatory Commission in Docket
      No. RM22-14

Dear Secretary Bose:

Pursuant to Rule 2012 of the Commission's Rules of Practice and Procedure, 18 C.F.R. § 385.2012, please find enclosed a file-stamped copy of FirstEnergy Service Company's Petition for Review of *Improvements to Generator Interconnection Procedures and Agreements*, Order No. 2023, 184 FERC ¶ 61,054 (2023). The Petition was filed today in the United States Court of Appeals for the Sixth Circuit and assigned Case No. 23-3815.

Sincerely,

*/s/ C. Dixon Wallace III*
C. Dixon Wallace III

*Counsel to FirstEnergy Service Company*


Enclosures

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: October 06, 2023

Mr. John Lee Shepherd Jr.
Hunton Andrews Kurth
2200 Pennsylvania Avenue, N.W.
Suite 930
Washington, DC 20037

Re:  Case No. 23-3815, *FirstEnergy Service Co v. FERC*
Originating Case No. : RM22-14-000

Dear Counsel,

This case has been docketed as number **23-3815** with the caption that is enclosed on a separate page. Please check the caption for accuracy and notify the Clerk's Office if any corrections should be made.

Before preparing any documents to be filed, counsel are strongly encouraged to read the Sixth Circuit Rules at www.ca6.uscourts.gov. If you have not established a PACER account and registered with this court as an ECF filer, you should do so immediately.

The following forms should be downloaded from the web site and filed with the Clerk's office by **October 20, 2023**. If payment did not accompany the petition for review, the $500 filing fee should also be paid by this date.

|  |  |
|---|---|
| Petitioner: | Appearance of Counsel<br>Disclosure of Corporate Affiliations<br>Application for Admission to 6th Circuit Bar (if applicable) |
| Respondent: | Appearance of Counsel |

More specific instructions are printed on each form. These deadlines are important - if the initial forms are not timely filed and necessary fees paid, the case will be dismissed for want of prosecution. If you have questions after reviewing the forms and the rules, please contact the Clerk's office for assistance.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc:  Ms. Carol J Banta
     Mr. Robert Harris Solomon

Enclosure

**OFFICIAL COURT OF APPEALS CAPTION FOR 23-3815**

FIRSTENERGY SERVICE COMPANY

     Petitioner

v.

FEDERAL ENERGY REGULATORY COMMISSION

     Respondent

Document Accession #: 20231006-5206    Filed Date: 10/06/2023

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FirstEnergy Service Company    )
(Name of Petitioner)    )
    )
        v.    )    Petition for Review
    )
Federal Energy Regulatory Commission    )    Agency No. RM22-14
(Name of Respondent)    )

**FirstEnergy Service Company** hereby petition the court for review of the Order of the Federal Energy Regulatory Commission entered on the **28th** day of **July** , 20**23** .

RECEIVED
10/06/2023
DEBORAH S. HUNT, Clerk

**John Lee Shepherd, Jr.**
Attorney for Petitioner(s)

Address:   Hunton Andrews Kurth LLP

          2200 Pennsylvania Ave, NW

          Washington, D.C. 20037

04/12/2016

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FirstEnergy Service Company, | ) | |
|     *Petitioner*, | ) | |
| | ) | |
|     v. | ) | No. 24-____ |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
|     *Respondent*. | ) | |

## PETITION FOR REVIEW OF FIRSTENERGY SERVICE COMPANY

Pursuant to Section 313(b) of the Federal Power Act (FPA), 16 U.S.C. § 825*l*(b), Federal Rule of Appellate Procedure 15, and Sixth Circuit Rule 15, FirstEnergy Service Company (FirstEnergy) hereby petitions this Court for review of the following Federal Energy Regulatory Commission (FERC or Commission) order: *Improvements to Generator Interconnection Procedures and Agreements*, Order No. 2023, 184 FERC ¶ 61,054 (July 28, 2023). A copy of Order No. 2023 is appended as Attachment A.

The FERC proceeding at issue concerns revisions to FERC's *pro forma* Large Generator Interconnection Procedures, *pro forma* Small Generator Interconnection Procedures, *pro forma* Large Generator Interconnection Agreement, and *pro forma* Small Generator Interconnection Agreement. FirstEnergy, on behalf of the Indicated

PJM Transmission Owners,[1] timely sought rehearing of Order No. 2023 on August 28, 2023. On September 28, 2023, FERC issued a Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration noting that all requests for rehearing of Order No. 2023 were deemed denied under FPA section 313(a). A copy of the Notice is appended as Attachment B.

This Petition is timely and venue in this Court is proper under FPA section 313(b) because FirstEnergy is a "public utility to which [Order No. 2023] relates" and maintains its principal place of business in Akron, Ohio. Should the Commission subsequently issue an order addressing arguments raised on rehearing, FirstEnergy will move the Court for leave to amend this Petition.

Respectfully submitted,

/s/ John Lee Shepherd, Jr.

C. Dixon Wallace III
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
(804) 344-7955
dwallace@huntonak.com

John Lee Shepherd, Jr.
Counsel of Record
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
(202) 419-2135
jshepherd@huntonak.com

Counsel for FirstEnergy

Dated: October 6, 2023

---

[1] The Indicated PJM Transmission Owners are a group of transmission-owning public utilities that collectively own approximately 98% of the transmission assets in the PJM Interconnection, L.L.C., territory.

# CERTIFICATE OF SERVICE

I certify that on October 6, 2023, I caused the foregoing documents to be served on the Federal Energy Regulatory Commission and also on all parties in the underlying agency proceeding through the Commission's electronic filing system.

*/s/ C. Dixon Wallace III*
C. Dixon Wallace III
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
(804) 344-7955
dwallace@huntonak.com

**General Docket**
**United States Court of Appeals for the Sixth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 23-3815 | **Docketed:** 10/06/2023 |
| FirstEnergy Service Co v. FERC | |
| **Appeal From:** Federal Energy Regulatory Commission | |
| **Fee Status:** fee paid | |

**Case Type Information:**
  **1)** Agency
  **2)** Review
  **3)** Other Agency

**Originating Court Information:**
  **District:** FERC-1 : RM22-14-000
  **Date Filed:** 07/28/2023

**Prior Cases:**
  None

**Current Cases:**
  None

---

FIRSTENERGY SERVICE COMPANY
    Petitioner

John Lee Shepherd, Jr.
Direct: 202-419-2135
[COR LD NTC Retained]
Hunton Andrews Kurth
Firm: 202-955-1500
2200 Pennsylvania Avenue, N.W.
Suite 930
Washington, DC 20037

Charles Dixon Wallace, III
Direct: 804-344-7955
[COR NTC Retained]
Hunton Andrews Kurth
Firm: 804-788-8200
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219

v.

FEDERAL ENERGY REGULATORY COMMISSION
    Respondent

Carol J. Banta
Direct: 202-502-6433
[NTC Government]
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, DC 20426

---

FIRSTENERGY SERVICE COMPANY

    Petitioner

v.

FEDERAL ENERGY REGULATORY COMMISSION

    Respondent

---

| | | |
|---|---|---|
| 10/06/2023 | 1 <br> 1492 pg, 8.46 KB | Agency Case Docketed. Notice filed by Petitioner FirstEnergy Service Company. Petition Received in 6CA: 10/06/2023. (RGF) [Entered: 10/06/2023 11:48 AM] |
| 10/06/2023 | 2 | The case manager for this case is: Mr. Roy G. Ford (513) 564-7016 (RGF) [Entered: 10/06/2023 12:09 PM] |
| 10/12/2023 | 3 <br> 0 pg, 0 KB | LOCKED - COUNSEL KINDLY ADVISED TO REFILE USING OWN PACER ACCTOUNT*******************APPEARANCE filed for Petitioner FirstEnergy Service Company by John Lee Shepherd, Jr.. Certificate of Service: 10/12/2023. [23-3815] (CDW) [Entered: 10/12/2023 11:58 AM] |
| 10/12/2023 | 4 <br> 1 pg, 251.86 KB | APPEARANCE filed for Petitioner FirstEnergy Service Company by C. Dixon Wallace III. Certificate of Service: 10/12/2023. [23-3815] (CDW) [Entered: 10/12/2023 11:59 AM] |
| 10/16/2023 | 5 <br> 2 pg, 89.85 KB | DEFICIENCY NOTICE: The appearance form , [3], filed by Mr. John Lee Shepherd, Jr. for FirstEnergy Service Company is deficient for the reason noted on the attached checklist. Deficiency to be corrected by 10/23/2023. (RGF) [Entered: 10/16/2023 07:50 AM] |
| 10/16/2023 | 6 <br> 1 pg, 269.29 KB | APPEARANCE filed for Petitioner FirstEnergy Service Company by John Lee Shepherd, Jr.. Certificate of Service: 10/16/2023. [23-3815] (JLS) [Entered: 10/16/2023 10:46 AM] |
| 10/18/2023 | 7 <br> 12 pg, 1.35 MB | CORPORATE DISCLOSURE STATEMENT filed by Attorney Mr. Charles Dixon Wallace, III for Petitioner FirstEnergy Service Company Certificate of Service: 10/18/2023. [23-3815] (CDW) [Entered: 10/18/2023 10:17 AM] |

Select All   Clear All

○ **Documents and Docket Summary**
○ Documents Only

☑ **Include Page Numbers**

**Selected Pages:** 0    **Selected Size:** 0 KB
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

---

**PACER Service Center**

**Transaction Receipt**

10/23/2023 10:33:45

| **PACER Login:** | us2794ogc | **Client Code:** | |
|---|---|---|---|
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 23-3815 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Court Information    Court Home    PACER Service Center    Change Client    Billing History    Contact Us

D.C. Circuit 23-1282

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

Advanced Energy United,
American Clean Power
Association, Solar Energy
Industries Association

              *Petitioners,*

        v.

FEDERAL ENERGY
REGULATORY COMMISSION,

              *Respondent.*

No. 23-1282

## PETITION FOR
## REVIEW

Pursuant to section 313(b) of the Federal Power Act, 16 U.S.C. § 825*l*(b),

and Federal Rule of Appellate Procedure 15(a), and Circuit Rule 15, Advanced

Energy United ("United"), the American Clean Power Association ("ACP"), and

the Solar Energy Industries Association ("SEIA") (collectively "Petitioners")

petition this Court for review of two orders issued by the Federal Energy

Regulatory Commission ("FERC") in FERC Docket No. RM22-14. FERC issued

the first order on July 28, 2023. *See Improvements to Generator Interconnection*

*Procedures and Agreements*, Order No. 2023, 184 FERC ¶ 61,054 (2023) ("Order

No. 2023") (Attachment A). Petitioners timely sought rehearing of Order No. 2023

on August 28, 2023. FERC issued the second order on September 28, 2023. *See*

*Improvements to Generator Interconnection Procedures and Agreements*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 184 FERC ¶ 62,163 (2023) ("Rehearing Denial Notice") (Attachment B). In the Rehearing Denial Notice, the Commission stated it would address the requests for rehearing of the above-cited order filed in this proceeding will be addressed in a future order, consistent with the requirements of 16 U.S.C. § 825*l*(a). However, pursuant to 16 U.S.C. § 825*l*(a), "[u]nless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied." The Commission did not issue a substantive order by the thirty-day deadline (September 28, 2023), and therefore Petitioners' request for rehearing is deemed denied and is ripe for review by this Court.

Respectfully submitted,

Gabriel Tabak
Senior Counsel
American Clean Power
Association
1501 M St. NW, 9th Fl.
Washington, DC 20005
(202) 383-2500
gtabak@cleanpower.org
*Counsel for the American Clean Power
Association*

Ben Norris
Senior Director of Regulatory Affairs
and Counsel
Melissa Alfano
Director of Energy Markets and
Counsel
Solar Energy Industries Association
1425 K St NW Ste. 1000
Washington, DC 20005
(202) 566-2873
bnorris@seia.org
malfano@seia.org
*Counsel for Solar Energy Industries
Association*

Jeremy McDiarmid
Managing Director & General Counsel
Advanced Energy United
1801 Pennsylvania Avenue, NW
Washington, D.C. 20006
617.429.0677
jmcdiarmid@advancedenergyunited.org
*Counsel for Advanced Energy United*

October  6, 2023

## CORPORATE DISCLOSURE STATEMENTS

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit Rule 26.1, the Intervenors make the following disclosures:

The American Clean Power Association ("ACP") is a non-profit 501(c)(6) organization incorporated under the laws of the District of Columbia.  ACP is a national non-profit trade association representing a range of member companies with a common interest in encouraging the deployment and expansion of wind, solar, energy storage, and electric transmission in the United States, including project developers, project owners and operators, financiers, utilities, marketers and customers.  ACP is a non-profit corporation and, as such, no entity has any ownershipinterest in it.  ACP does not have any outstanding shares or debt securities in the hands of the public nor any parent, subsidiary, or affiliates that have issued shares or debt securities to the public.

The Solar Energy Industries Association ("SEIA") is a tax-exempt trade association pursuant to 26 U.S.C. § 501(c)(6) that represents nearly 1,000 member companies nationwide.  SEIA represents the entire solar industry, including installers, project developers, manufacturers, contractors, financiers and non-profits.  SEIA's member companies develop, manufacture, finance, and build solar projects both domestically and abroad.  SEIA has no parent corporation and no publicly held company owns 10% or more of its stock.

Document Accession Number: 20231006-5277   Filed Date: 10/06/2023

Advanced Energy United, Inc. ("United") is a non-profit 501(c)(6) organization incorporated under the laws of the District of Columbia. United is a national non-profit industry association in the United States that represents the full range of advanced energy technologies and services, both grid-scale and distributed.  United represents over 100 member companies and has a mission to achieve 100% clean power and transportation electrification across the United States.  United is a non-profit corporation and, as such, no entity has any ownership interest in it.  United does not have any outstanding shares or debt securities in the hands of the public nor any parent, subsidiary, or affiliates that have issued shares or debt securities to the public.

## CERTIFICATE OF SERVICE

Pursuant to F.R.A.P. 15(c) and 25(d), I hereby certify that I caused the foregoing Petition for Review to be served upon the Secretary of the Federal Energy Regulatory Commission and the Office of the Solicitor of the Federal Energy Regulatory Commission at the following addresses:

> Ms. Kimberly D. Bose, Secretary
> Federal Energy Regulatory Commission
> 888 First St., NE
> Washington, DC 20426

> Robert H. Solomon, Solicitor
> Federal Energy Regulatory Commission
> 888 First Street, N.E.
> Washington, D.C. 20426

Pursuant to 18 C.F.R. § 385.2012 and 28 U.S.C. § 2112(a), I further certify that I will mail a date-stamped copy of this petition to the Office of the Secretary, Federal Energy Regulatory Commission, 888 First Street, N.E., Washington, DC 20426.

Pursuant to F.R.A.P. 15(c), I further certify that I caused the foregoing document to be served by e-mail on all the parties on the Commission's service list for Docket No. RM22-14, attached hereto.

> Respectfully submitted,
> */s/ Gabriel Tabak*
> Gabriel Tabak
>  Senior Counsel
> American Clean Power Association
> 1501 M St. NW, 9th Fl.
> Washington, DC 20005
> (202) 383-2500
> gtabak@cleanpower.org

October 6, 2023

**General Docket**
**United States Court of Appeals for District of Columbia Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 23-1282 | **Docketed:** 10/06/2023 |
| Advanced Energy United, et al v. FERC | |
| **Appeal From:** Federal Energy Regulatory Commission | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
 **1)** Petition for Review
 **2)** Review
 **3)**

**Originating Court Information:**
 **District:** FERC-1 : FERC-RM22-14-000
 **District:** FERC-1 : FERC-RM22-14-001

**Prior Cases:**
 None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Consolidation | | | | |
| | 23-1282 | 23-1284 | 10/12/2023 | |
| | 23-1282 | 23-1289 | 10/18/2023 | |

**Panel Assignment:** Not available

| | | |
|---|---|---|
| Advanced Energy United | Petitioner | Jeremy McDiarmid<br>Direct: 617-429-0677<br>Email: jmcdiarmid@advancedenergyunited.org<br>[COR LD NTC Retained]<br>Advanced Energy United<br>1801 Pennsylvania Avenue, NW<br>Washington, DC 20006 |
| American Clean Power Association | Petitioner | Gabriel Loew Tabak<br>Email: gtabak@awea.org<br>[COR LD NTC Retained]<br>American Clean Power Association<br>1501 M Street, NW<br>Washington, DC 20005 |
| Solar Energy Industries Association | Petitioner | Benjamin Norris, IV<br>Direct: 518-421-3260<br>Email: bnorris@seia.org<br>[COR LD NTC Retained]<br>Solar Energy Industries Association<br>1425 K Street, NW<br>Washington, DC 20005 |

v.

Federal Energy Regulatory Commission — Respondent

---

Advanced Energy United; American Clean Power Association; Solar Energy Industries Association,

 Petitioners

v.

Federal Energy Regulatory Commission,

 Respondent

---

| 10/06/2023 | | PETITION FOR REVIEW CASE docketed. [23-1282] [Entered: 10/10/2023 12:15 PM] |
|---|---|---|
| 10/06/2023 | 1527 pg, 8.84 MB | PETITION FOR REVIEW [2021004] of a decision by federal agency filed by Advanced Energy United, American Clean Power Association and Solar Energy Industries Association [Service Date: 10/06/2023 ] Disclosure Statement: Attached. [23-1282] [Entered: 10/10/2023 12:16 PM] |
| 10/10/2023 | 1 pg, 38.88 KB | CERTIFIED COPY [2021006] of Petition for Review sent to respondent [2021004-2] [23-1282] [Entered: 10/10/2023 12:19 PM] |
| 10/10/2023 | 2 pg, 44.38 KB | CLERK'S ORDER [2021007] filed directing party to file initial submissions: PETITIONER docketing statement due 11/09/2023. PETITIONER certificate as to parties due 11/09/2023. PETITIONER statement of issues due 11/09/2023. PETITIONER underlying decision due 11/09/2023. PETITIONER deferred appendix statement due 11/09/2023. PETITIONER procedural motions due 11/09/2023. PETITIONER dispositive motions due 11/27/2023; directing party to file initial submissions: RESPONDENT entry of appearance due 11/09/2023. RESPONDENT procedural motions due 11/09/2023. RESPONDENT certified index to record due 11/27/2023. RESPONDENT dispositive motions due 11/27/2023 [23-1282] [Entered: 10/10/2023 12:21 PM] |
| 10/12/2023 | 1 pg, 45.61 KB | LETTER [2021613] sent regarding attorney membership to Jeremy McDiarmid for Advanced Energy United. Application for Admission due 11/13/2023. [23-1282] [Entered: 10/12/2023 05:17 PM] |
| 10/12/2023 | 1 pg, 37.52 KB | CLERK'S ORDER [2021615] filed consolidating cases 23-1284 (Consolidation started 10/12/2023) with 23-1282 [23-1282, 23-1284] [Entered: 10/12/2023 05:59 PM] |
| 10/18/2023 | 1 pg, 40.16 KB | CLERK'S ORDER [2022318] filed consolidating cases 23-1289 (Consolidation started 10/18/2023) with 23-1282; directing party to file in 23-1289 initial submissions: PETITIONER docketing statement due 11/17/2023. PETITIONER statement of issues due 11/17/2023 [23-1282, 23-1284, 23-1289] [Entered: 10/18/2023 11:18 AM] |
| 10/18/2023 | 1 pg, 39.35 KB | CERTIFIED COPY [2022326] of Petition for Review sent to respondent [2022295-2] [23-1289] [Entered: 10/18/2023 11:34 AM] |

Clear All

○ Documents and Docket Summary
○ Documents Only

☑ Include Page Numbers

Selected Pages: 0    Selected Size: 0 KB

View Selected

---

**PACER Service Center**
**Transaction Receipt**

| DC Circuit (USCA) - 10/23/2023 10:40:11 | | | |
|---|---|---|---|
| **PACER Login:** | us27940gc | **Client Code:** | |
| **Description:** | Docket Report (full) | **Search Criteria:** | 23-1282 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

3d Circuit 23-2830

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

PJM Interconnection, L.L.C.,      )
     Petitioner      )
     )
     v.      )      No. _____
     )
Federal Energy Regulatory Commission,      )
     Respondent      )

## PETITION FOR REVIEW OF
## PJM INTERCONNECTION, L.L.C.

Pursuant to section 313(b) of the Federal Power Act, 16 U.S.C. § 825*l*(b), Rule

15(a) of the Federal Rules of Appellate Procedures, and Rule 15.1 of the Local

Appellate Rules of this Court, PJM Interconnection, L.L.C. ("PJM") petitions for

review of the following order and notice, attached hereto, issued by the Federal

Energy Regulatory Commission:

(1)    *Improvements to Generator Interconnection Procedures and Agreements*, Order No. 2023, 184 FERC ¶ 61,054, Docket No. RM22-14-000 (July 28, 2023); and

(2)    *Improvements to Generator Interconnection Procedures and Agreements*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 184 FERC ¶ 62,163, Docket No. RM22-14-001 (Sept. 28, 2023).

PJM is a party in the underlying Federal Energy Regulatory Commission

proceedings.

Wherefore, PJM respectfully requests that the Court review and set aside or modify the order and notice.

Respectfully submitted,

*/s/   Ryan J. Collins*
Ryan J. Collins
Wendy B. Warren
David S. Berman
Wright & Talisman, P.C.
1200 G Street, NW, Suite 600
Washington, DC  20005
(202) 393-1200 (phone)
collins@wrightlaw.com
warren@wrightlaw.com
berman@wrightlaw.com

**Counsel for**
**PJM Interconnection, L.L.C.**

October 6, 2023

2

**General Docket**
**Third Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 23-2830 | **Docketed:** 10/06/2023 |
| PJM Interconnection LLC v. FERC | |
| **Appeal From:** Federal Election Commission | |
| **Fee Status:** Paid | |

**Case Type Information:**
  **1)** agency
  **2)** petition review
  **3)** Other agency

**Originating Court Information:**
  **District:** FEC-1 : RM22-14

**Prior Cases:**
  None

**Current Cases:**
  None

---

| | |
|---|---|
| PJM INTERCONNECTION LLC<br>    Petitioner | Ryan J. Collins, Esq.<br>Direct: 202-393-1200<br>Email: collins@wrightlaw.com<br>[NTC Retained]<br>Wright & Talisman<br>1200 G Street NW<br>Suite 600<br>Washington, DC 20005<br><br>Wendy B. Warren, Esq.<br>Direct: 202-393-1200<br>Email: warren@wrightlaw.com<br>[NTC Retained]<br>Wright & Talisman<br>1200 G Street NW<br>Suite 600<br>Washington, DC 20005 |
| v. | |
| FEDERAL ENERGY REGULATORY COMMISSION<br>    Respondent | Jared Fish, Esq.<br>Direct: 202-502-8101<br>Email: jared.fish@ferc.gov<br>Fax: 202-273-0901<br>[NTC Federal government]<br>Federal Energy Regulatory Commission<br>888 1st Street NE<br>Washington, DC 20426 |

---

PJM INTERCONNECTION, L.L.C.,
    Petitioner

v.

FEDERAL ENERGY REGULATORY COMMISSION

---

| | | | |
|---|---|---|---|
| 10/06/2023 | ☐ 1<br>1513 pg, 8.62 MB | AGENCY CASE DOCKETED. Petition filed by PJM Interconnection LLC. Certificate of Service dated 10/06/2023. Service made by ECF. Payment made through pay.gov.. Receipt No. A03-64671-199. (KR) [Entered: 10/06/2023 02:34 PM] |
| 10/06/2023 | ☐ 2<br>1 pg, 89.5 KB | ORDER (Clerk) directing the agency to file the record or certified list in lieu of record. ORDER (Clerk) directing the agency to file the record or certified list in lieu of record. (KR) [Entered: 10/06/2023 03:06 PM] |
| 10/06/2023 | ☐ 3<br>3 pg, 1.35 MB | ECF FILER: DISCLOSURE STATEMENT on behalf of Petitioner PJM Interconnection LLC. [23-2830] (RJC) [Entered: 10/06/2023 03:51 PM] |

Clear All

● **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0    **Selected Size:** 0 KB

View Selected

---

| **PACER Service Center** | | | |
|---|---|---|---|
| | **Transaction Receipt** | | |
| | Third Circuit - 10/23/2023 10:41:29 | | |
| **PACER Login:** | us2794ogc | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 23-2830 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

8th Circuit 23-3232



1200 G Street, N.W., Suite 600
Washington, D.C. 20005-3898
Phone: 202.393.1200
Fax: 202.393.1240
wrightlaw.com

October 10, 2023

The Honorable Kimberly D. Bose
Secretary
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, DC 20426

  **Re:** ***Petition for Review of Order No. 2023 of Southwest Power Pool, Inc.***
     **Docket No. RM22-14-000**

Dear Secretary Bose:

  Pursuant to Rule 2012 of the Rules of Practice and Procedure of the Federal Energy Regulatory Commission ("Commission"), 18 C.F.R. 385.2012, Southwest Power Pool, Inc. ("SPP") hereby submits in the above-referenced docket a date-stamped copy of a Petition for Review of *Improvements to Generator Interconnection Procedures and Agreements*, Order No. 2023, 184 FERC ¶ 61,054, *reh'g denied*, 184 FERC ¶ 62,163 (2023), filed by SPP with the United States Court of Appeals for the Eighth Circuit on October 6, 2023. A copy of this date-stamped Petition for Review was electronically served on the Secretary of the Commission, the Solicitor of the Commission, and all parties on the Commission's service list on Friday, October 6, 2023, and hard copies were served today by FedEx First Overnight to the Commission's courier delivery address at 12225 Wilkins Avenue, Rockville, MD 20852.

Please contact the undersigned if you have any questions.

       Respectfully submitted,

       *Matthew J. Binette*
       Matthew J. Binette
       WRIGHT & TALISMAN, P.C.
       1200 G Street, N.W., Suite 600
       Washington, DC 20005-3898
       (202) 393-1200
       binette@wrightlaw.com

Enclosures

## United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

October 06, 2023

Matthew Joseph Binette
WRIGHT & TALISMAN
Suite 600
1200 G Street, N.W.
Washington, DC  20005-0000

RE:  23-3232  Southwest Power Pool, Inc. v. FERC

Dear Counsel:

We have received a petition for review of an order of the Federal Energy Regulatory Commission in the above case, together with electronic payment in the amount of $500 for the docket fee.

Counsel in the case must supply the clerk with an Appearance Form. Counsel may download or fill out an Appearance Form on the "Forms" page on our web site at www.ca8.uscourts.gov.

The petition has been filed and docketed. A copy of the petition is hereby served upon the respondent in accordance with Federal Rule of Appellate Procedure, 15(c).

Your attention is invited to the briefing schedule pertaining to administrative agency cases, a copy of which will be sent under separate Notice of Docket Activity. The clerk's office provides a number of practice aids and materials to assist you in preparing the record and briefs. You can download the materials from our website, the address of which is shown above. Counsel for both sides should familiarize themselves with the material and immediately confer regarding the briefing schedule and contents of the appendix.

Michael E. Gans
Clerk of Court

AEV
Enclosure(s)
cc:     Kimberly D. Bose
        Robert Harris Solomon
        Elizabeth P. Trinkle
        Priyanka Vashisht

        District Court/Agency Case Number(s):  RM22-14-000
                                               RM22-14-001

1 of 1519

Document Accession #: 20230619-5585       Filed Date: 10/19/2023

**Caption For Case Number:   23-3232**

Southwest Power Pool, Inc.

      Petitioner

v.

Federal Energy Regulatory Commission

      Respondent

**Addresses For Case Participants:    23-3232**

Matthew Joseph Binette
WRIGHT & TALISMAN
Suite 600
1200 G Street, N.W.
Washington, DC  20005-0000

Kimberly D. Bose
FEDERAL ENERGY REGULATORY COMMISSION
Office of General Counsel
888 First Street, N.E.
Washington, DC  20426-0000

Robert Harris Solomon
FEDERAL ENERGY REGULATORY COMMISSION
Office of General Counsel
9A-01
888 First Street, N.E.
Washington, DC  20426-0000

Elizabeth P. Trinkle
WRIGHT & TALISMAN
Suite 600
1200 G Street, N.W.
Washington, DC  20005-0000

Priyanka Vashisht
WRIGHT & TALISMAN
Suite 600
1200 G Street, N.W.
Washington, DC  20005-0000

FILED

OCT 06 2023

MICHAEL GANS
CLERK OF COURT

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

Southwest Power Pool, Inc.,    )
                     Petitioner,    )
                                     )
                        v.            )
                                       )
Federal Energy Regulatory Commission,    )
                     Respondent.    )

**23-3232**

No. _____

RECEIVED

OCT 06 2023

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

**PETITION FOR REVIEW**

Pursuant to section 313(b) of the Federal Power Act ("FPA"), 16 U.S.C.

§ 825*l*(b), and Rule 15(a) of the Federal Rules of Appellate Procedure, Southwest

Power Pool, Inc. ("SPP") petitions this Court for review of the following order and

notice of the Federal Energy Regulatory Commission ("FERC"), copies of which

are attached:

(1)    *Improvements to Generator Interconnection Procedures and Agreements*, Order No. 2023, Docket No. RM22-14-000, 184 FERC ¶ 61,054 (July 28, 2023) ("Order No. 2023"); and

(2)    *Improvements to Generator Interconnection Procedures and Agreements*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, Docket No. RM22-14-001, 184 FERC ¶ 62,163 (Sept. 28, 2023) ("Rehearing Notice").

SPP is an Arkansas non-profit corporation with its principal place of business

in Little Rock, Arkansas. SPP is a regional transmission organization ("RTO")

approved by FERC. As an RTO, SPP is a transmission provider currently

administering electric transmission service over more than 72,000 miles of

transmission lines covering portions of Arkansas, Iowa, Kansas, Louisiana, Minnesota, Missouri, Montana, Nebraska, New Mexico, North Dakota, Oklahoma, South Dakota, Texas, and Wyoming. SPP currently has 110 members and serves almost 19 million people in a 552,000-square-mile region. Its members include 16 investor-owned utilities, 13 municipal systems, 22 generation and transmission cooperatives, 6 state agencies, 19 independent power producers, 11 power marketers, 13 independent transmission companies, 1 federal agency, 4 large retail customers, 2 alternative power entities, and 3 public interest entities.

As an RTO, SPP is responsible for (among other things) managing the transmission system that is placed under its functional control, administering day-ahead and real-time energy, reserves, and congestion rights markets, and managing transmission planning and the reliable interconnection of new electric generating resources within its region under procedures set forth in its Open Access Transmission Tariff.

Order No. 2023 mandated that SPP and other FERC-jurisdictional transmission providers adopt numerous changes to the generator interconnection procedures in their tariffs to comply with FERC's new requirements, including (among other mandates), adopting a strict liability penalty regime under which transmission providers can be penalized for interconnection study delays that are completely beyond their control, mandating changes to study threshold parameters

SPP uses to ensure that its transmission system remains reliable when new generators interconnect to neighboring transmission systems, and ordering additional new interconnection study requirements.

On August 20, 2023, SPP timely sought rehearing and clarification of Order No. 2023. Limited Request for Rehearing and Clarification of Southwest Power Pool, Inc., Docket No. RM22-14-001 (Aug. 28, 2023) ("Rehearing Request"). Under the United States Court of Appeals for the District of Columbia Circuit's decision in *Allegheny Defense Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020), which invalidated FERC's practice of issuing "tolling orders" to delay taking action on rehearing requests under the Natural Gas Act,[1] by operation of section 313(a) of the FPA, 16 U.S.C. § 825*l*(a), and by virtue of FERC's failure to act within the statutorily prescribed thirty-day period, SPP's Rehearing Request was deemed denied on September 28, 2023. *See* Rehearing Notice.

SPP is aggrieved by FERC's actions in Order No. 2023 and the Rehearing Notice. Order No. 2023 requires SPP to make numerous changes to its generator interconnection procedures and subjects SPP to penalties for failure to comply with

---

[1]    This decision applies equally to FERC's orders under the FPA. *See NSTAR Elec. & Gas Corp. v. FERC*, 481 F.3d 794, 800 (D.C. Cir. 2007) ("We follow here the familiar practice of applying 'interchangeably' judicial interpretations of provisions from the Natural Gas Act to their 'substantially identical' counterparts in the Federal Power Act." (citing *Ark. La. Gas Co. v. Hall*, 453 U.S. 571, 577 n.7 (1981))).

strict study deadlines, even when SPP is not at fault for the delays.  Order No. 2023 also threatens the reliability of the SPP Transmission System by requiring SPP to modify the study parameters it uses to ensure reliability of the SPP transmission system when a generator seeks interconnection on a neighboring system.  SPP was and remains an active participant in the FERC rulemaking proceeding below, including submitting rulemaking comments and seeking rehearing and clarification of Order No. 2023 on the mandates that will harm SPP and its regional stakeholders.  FERC's failure to act on SPP's rehearing request resulted in that request being deemed denied by operation of law.  SPP is therefore aggrieved by FERC's actions in the above-referenced order and notice, and seeks this Court's review of FERC's actions to remedy that aggrievement.

This petition is timely filed less than sixty days after the denial of rehearing, by operation of law, of SPP's Rehearing Request, in accordance with FPA section 313(b), 16 U.S.C. § 825*l*(b).  This Court has subject matter jurisdiction and venue is proper under FPA section 313(b) because SPP, one of the "public utilit[ies] to which the order relates," *id.*, is headquartered and has its principal place of business in Little Rock, Arkansas, within this Circuit.

Respectfully submitted,

 /s/ Matthew J. Binette
Matthew J. Binette
Elizabeth P. Trinkle
Priyanka Vashisht
WRIGHT & TALISMAN, P.C.
1200 G Street, N.W., Suite 600
Washington, DC  20005-3898
(202) 393-1200
binette@wrightlaw.com
trinkle@wrightlaw.com
vashisht@wrightlaw.com

**Counsel for**
**Southwest Power Pool, Inc.**

Dated:  October 6, 2023

**General Docket**
**Eighth Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 23-3232 | **Docketed:** 10/06/2023 |
| Southwest Power Pool, Inc. v. FERC | |
| **Appeal From:** Petition for Review of an Order of the Federal Energy Regulatory Commission | |
| **Fee Status:** paid - cs | |

**Case Type Information:**
 **1)** Agency
 **2)** Review
 **3)** null

**Originating Court Information:**
| **District:** FERC-1 : RM22-14-000 | |
|---|---|
| **Date Decided:** | **Date Rec'd COA:** |
| 07/28/2023 | 10/06/2023 |
| **District:** FERC-1 : RM22-14-001 | |
| **Date Decided:** | **Date Rec'd COA:** |
| 09/28/2023 | 10/06/2023 |

**Prior Cases:**
 None

**Current Cases:**
 None

---

| | |
|---|---|
| Southwest Power Pool, Inc.<br>　　　Petitioner | Matthew Joseph Binette<br>Direct: 202-393-1200<br>[NTC Retained]<br>WRIGHT & TALISMAN<br>Firm: 202-393-1200<br>Suite 600<br>1200 G Street, N.W.<br>Washington, DC 20005-0000<br><br>Elizabeth P. Trinkle<br>[NTC Retained]<br>WRIGHT & TALISMAN<br>Firm: 202-393-1200<br>Suite 600<br>1200 G Street, N.W.<br>Washington, DC 20005-0000<br><br>Priyanka Vashisht<br>[NTC Retained]<br>WRIGHT & TALISMAN<br>Firm: 202-393-1200<br>Suite 600<br>1200 G Street, N.W.<br>Washington, DC 20005-0000 |
| v. | |
| Federal Energy Regulatory Commission<br>　　　Respondent | Kimberly D. Bose<br>[NTC Government]<br>FEDERAL ENERGY REGULATORY COMMISSION<br>Office of General Counsel<br>888 First Street, N.E.<br>Washington, DC 20426-0000<br><br>Robert Harris Solomon, Solicitor<br>Direct: 202-502-8257<br>[NTC Government]<br>FEDERAL ENERGY REGULATORY COMMISSION<br>Office of General Counsel<br>9A-01<br>888 First Street, N.E.<br>Washington, DC 20426-0000 |

---

Southwest Power Pool, Inc.

　　　Petitioner

v.

Federal Energy Regulatory Commission

　　　Respondent

---

| | | |
|---|---|---|
| 10/06/2023 | ☐ | Agency case docketed [5323916] [23-3232] (AEV) [Entered: 10/06/2023 01:59 PM] |
| 10/06/2023 | ☐<br>1519 pg. 8.07 MB | PETITION for Review of an order of the Federal Energy Regulatory Commission (Electronic) filed by Petitioner Southwest Power Pool w/service 10/06/2023 [5323928] [23-3232] (AEV) [Entered: 10/06/2023 02:19 PM] |
| 10/06/2023 | ☐<br>1 pg. 89.65 KB | BRIEFING SCHEDULE SET AS FOLLOWS: Administrative Record due 11/15/2023. Appendix due due 11/29/2023. Brief of Southwest Power Pool due 11/29/2023. Responsive brief is due 30 days from the date the court issues the Notice of Docket Activity filing the brief.[5323931] [23-3232] (AEV) [Entered: 10/06/2023 02:22 PM] |
| 10/06/2023 | ☐<br>1 pg. 280.04 KB | APPEARANCE filed by Matthew J. Binette for Petitioner Southwest Power Pool w/service 10/06/2023 [5323970] [23-3232] (MJB) [Entered: 10/06/2023 03:33 PM] |

[ Clear All ]

◉ **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0    **Selected Size:** 0 KB

[ View Selected ]

---

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 8th Circuit Court of Appeals - 10/23/2023 09:43:47 | | |
| **PACER Login:** | us2794ogc | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 23-3232 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# Attachment 4

*Improvements to Generator Interconnection Procedures and Agreements*,
FERC Docket No. RM22-14:

- Notice of Denial of Rehearing by Operation of Law and Providing
  for Further Consideration, 184 FERC ¶ 62,163 (issued Sept. 28,
  2023)

- Order No. 2023—Final Rule, 184 FERC ¶ 61,054 (issued July 28,
  2023) (Introduction)

Document Accession #: 20230928-3600     Filed Date: 09/28/2023

Case Pending MCP No. 6   Document 3   Filed 10/23/23   Page 3 of 15
USCA Case #23-1289     Document #2023294     Filed: 10/23/2023     Page 48 of 61

184 FERC ¶ 62,163
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Improvements to Generator Interconnection Procedures          Docket No. RM22-14-001
and Agreements

NOTICE OF DENIAL OF REHEARING BY OPERATION OF LAW AND
PROVIDING FOR FURTHER CONSIDERATION

(September 28, 2023)

　　　Rehearing has been timely requested of the Commission's order issued on
July 28, 2023, in this proceeding.  *Improvements to Generator Interconnection
Procedures and Agreements*, Order No. 2023, 184 FERC ¶ 61,054 (2023).  In the absence
of Commission action on a request for rehearing within 30 days from the date it is filed,
the request for rehearing may be deemed to have been denied.  16 U.S.C. § 825*l*(a);
18 C.F.R. § 385.713 (2022); *Allegheny Def. Project v. FERC*, 964 F.3d 1
(D.C. Cir. 2020) (en banc).

　　　As provided in 16 U.S.C. § 825*l*(a), the requests for rehearing of the above-cited
order filed in this proceeding will be addressed in a future order to be issued consistent
with the requirements of such section.  As also provided in 16 U.S.C. § 825*l*(a), the
Commission may modify or set aside its above-cited order, in whole or in part, in such
manner as it shall deem proper.

　　　　　　　　　　Kimberly D. Bose,
　　　　　　　　　　Secretary.

Document Content(s)

RM22-14-001.docx.................................................................1

184 FERC ¶ 61,054
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

18 CFR Part 35

[Docket No. RM22-14-000; Order No. 2023]

Improvements to Generator Interconnection Procedures and Agreements

(Issued July 28, 2023)

**AGENCY:**  Federal Energy Regulatory Commission.

**ACTION:**  Final rule.

**SUMMARY:**  The Federal Energy Regulatory Commission (Commission or FERC) is adopting reforms to its *pro forma* Large Generator Interconnection Procedures, *pro forma* Small Generator Interconnection Procedures, *pro forma* Large Generator Interconnection Agreement, and *pro forma* Small Generator Interconnection Agreement to address interconnection queue backlogs, improve certainty, and prevent undue discrimination for new technologies.  The reforms are intended to ensure that the generator interconnection process is just, reasonable, and not unduly discriminatory or preferential.

**EFFECTIVE DATE:**  This final rule will become effective **[INSERT DATE 60 DAYS AFTER DATE OF PUBLICATION IN THE FEDERAL REGISTER]**

**FOR FURTHER INFORMATION CONTACT:**

Tristan Kessler (Technical Information)
Office of Energy Policy and Innovation
888 First Street, NE
Washington, DC  20426
(202) 502-6608
tristan.kessler@ferc.gov

Document Accession #: 20230728-3060   Filed Date: 07/28/2023

Docket No. RM22-14-000                                                                    - 2 -

Franklin Jackson (Technical Information)
Office of Energy Market Regulation
888 First Street, NE
Washington, DC  20426
(202) 502-6464
franklin.jackson@ferc.gov

Sarah Greenberg (Legal Information)
Office of the General Counsel
888 First Street, NE
Washington, DC  20426
(202) 502-6230
sarah.greenberg@ferc.gov

**SUPPLEMENTARY INFORMATION:**

184 FERC ¶ 61,054
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Willie L. Phillips, Acting Chairman;
         James P. Danly, Allison Clements,
         and Mark C. Christie.

Improvements to Generator Interconnection      Docket No.  RM22-14-000
Procedures and Agreements

ORDER NO. 2023

FINAL RULE

(Issued July 28, 2023)

TABLE OF CONTENTS

Paragraph Numbers

I. Introduction .................................................................................................... 1.
  A. Historical Framework:  Order Nos. 2003, 2006, and 845 ..................... 11.
  B. Regional Transmission Planning and Cost Allocation and Generator
  Interconnection Advance Notice of Proposed Rulemaking ....................... 18.
  C. Notice of Proposed Rulemaking ............................................................ 20.
  D. Joint Federal-State Task Force on Electric Transmission ..................... 25.

II. Overall Need for Reform ............................................................................. 27.
  A. NOPR ..................................................................................................... 27.
  B. Comments ............................................................................................... 30.
  C. Commission Determination ................................................................... 37.

III. Reforms ...................................................................................................... 61.
  A. Reforms to Implement a First-Ready, First-Served Cluster Study Process .......... 61.
   1. Interconnection Information Access ................................................. 61.
   2. Cluster Study Process ....................................................................... 165.
   3. Allocation of Cluster Study Costs .................................................... 405.
   4. Allocation of Cluster Network Upgrade Costs ................................. 422.
   5. Shared Network Upgrades ................................................................ 468.
   6. Increased Financial Commitments and Readiness Requirements ........ 490.
   7. Transition Process ............................................................................. 814.
  B. Reforms to Increase the Speed of Interconnection Queue Processing ........ 872.
   1. Elimination of the Reasonable Efforts Standard ............................. 872.

Docket No. RM22-14-000                                                                   - 2 -

2. Affected Systems ............................................................................1026.
3. Optional Resource Solicitation Study .........................................1294.
C. Reforms to Incorporate Technological Advancements into the Interconnection
Process ...............................................................................................1324.
1. Increasing Flexibility in the Generator Interconnection Process ...................1324.
2. Incorporating the Enumerated Alternative Transmission Technologies into the
Generator Interconnection Process ................................................1534.
3. Modeling and Ride-Through Requirements for Non-Synchronous Generating
Facilities ............................................................................................1621.
D. Issues Beyond the Scope of this Rulemaking ...............................1736.
1. Comments ....................................................................................1736.
2. Commission Determination ..........................................................1743.

IV. Compliance Procedures ...................................................................1744.
A. NOPR Proposal .............................................................................1744.
B. Comments......................................................................................1747.
1. Compliance Filing Deadline .........................................................1747.
2. Regional Flexibility......................................................................1750.
3. Reciprocity Tariffs .......................................................................1759.
4. Effective Date ..............................................................................1760.
5. Miscellaneous ..............................................................................1761.
C. Commission Determination ...........................................................1762.

V. Information Collection Statement ......................................................1772.

VI. Environmental Analysis...................................................................1779.

VII. Regulatory Flexibility Act .............................................................1780.

VIII. Document Availability ..................................................................1783.

IX. Effective Date and Congressional Notification ................................1785.

## I.    __Introduction__

1.      This final rule requires all public utility transmission providers to adopt revised

*pro forma* Large Generator Interconnection Procedures (LGIP), *pro forma* Small

Generator Interconnection Procedures (SGIP), *pro forma* Large Generator

Interconnection Agreements (LGIA), and *pro forma* Small Generator Interconnection

Agreements (SGIA).[1]  These revisions will ensure that interconnection customers are able to interconnect to the transmission system in a reliable, efficient, transparent, and timely manner, and will prevent undue discrimination.

2.      Twenty years ago the Commission issued Order No. 2003, in which the Commission required all public utilities that own, control, or operate facilities used for transmitting electric energy in interstate commerce to have on file standard procedures and a standard agreement for interconnecting generating facilities larger than 20 megawatts (MW) (called the *pro forma* LGIP and the *pro forma* LGIA).[2]  The Commission stated its expectation that the changes would prevent undue discrimination, preserve reliability, increase energy supply, and lower wholesale prices for customers by

---

[1] Section 201(e) of the Federal Power Act (FPA) defines "public utility" to mean "any person who owns or operates facilities subject to the jurisdiction of the Commission under this subchapter."  16 U.S.C. 824(e).  A non-public utility that seeks voluntary compliance with the reciprocity condition of a tariff may satisfy that condition by filing a tariff, which includes the *pro forma* LGIP, the *pro forma* SGIP, the *pro forma* LGIA, and the *pro forma* SGIA.  *See Standardization of Generator Interconnection Agreements & Procs.*, Order No. 2003, 68 FR 49846 (Aug. 19, 2003), 104 FERC ¶ 61,103, at PP 1, 616 (2003), *order on reh'g*, Order No. 2003-A, 69 FR 15932 (Mar. 5, 2004), 106 FERC ¶ 61,220, *order on reh'g*, Order No. 2003-B, 70 FR 265 (Jan. 19, 2005), 109 FERC ¶ 61,287 (2004), *order on reh'g*, Order No. 2003-C, 70 FR 37661 (July 18, 2005), 111 FERC ¶ 61,401 (2005), *aff'd sub nom. Nat'l Ass'n of Regul. Util. Comm'rs v. FERC*, 475 F.3d 1277 (D.C. Cir. 2007) (*NARUC v. FERC*).  As stated in the *pro forma* LGIP, *pro forma* LGIA, *pro forma* SGIP, and *pro forma* SGIA, transmission provider "shall mean the public utility (or its designated agent) that owns, controls, or operates transmission or distribution facilities used for the transmission of electric energy in interstate commerce and provides transmission service under the [Transmission Provider's Tariff].  The term . . . should be read to include the Transmission Owner when the Transmission Owner is separate from the Transmission Provider."  *Pro forma* LGIP section 1; *pro forma* LGIA art. 1; *pro forma* SGIP attach. 1; *pro forma* SGIA attach. 1.

[2] Order No. 2003, 104 FERC ¶ 61,103 at P 2.

increasing the amount and variety of new generation that would compete in the wholesale electricity market.[3]  The Commission further stated that the standard procedures would facilitate market entry for generation competitors by reducing interconnection costs and time.[4]  In Order No. 2006, the Commission adopted standard procedures and a standard agreement for interconnecting generating facilities no larger than 20 MW (called the *pro forma* SGIP and the *pro forma* SGIA), citing the same purposes outlined in Order No. 2003.[5]

3.      The electricity sector has transformed significantly since the issuance of Order Nos. 2003 and 2006.  The growth of new resources seeking to interconnect to the transmission system and the differing characteristics of those resources have created new challenges for the generator interconnection process.  These new challenges are creating large interconnection queue backlogs and uncertainty regarding the cost and timing of interconnecting to the transmission system, increasing costs for consumers.  Backlogs in the generator interconnection process, in turn, can create reliability issues as needed new generating facilities are unable to come online in an efficient and timely manner.  While

---

[3] *Id.* P 1.

[4] *Id.* P 12.

[5] *Standardization of Small Generator Interconnection Agreements & Procs.*, Order No. 2006, 111 FERC ¶ 61,220, at PP 15, 35-36, *order on reh'g*, Order No. 2006-A, 70 FR 71760 (Dec. 30, 2005), 113 FERC ¶ 61,195 (2005), *order granting clarification*, Order No. 2006-B, 71 FR 42587 (July 27, 2006), 116 FERC ¶ 61,046 (2006).

the Commission recognized these issues and sought to address them in Order No. 845,[6] it is clear that further action is needed.  Therefore, we believe that it is necessary to reform the Commission's standard interconnection procedures and agreements to ensure that interconnection customers are able to interconnect to the transmission system in a reliable, efficient, transparent, and timely manner, thereby ensuring that rates, terms, and conditions for Commission-jurisdictional services are just, reasonable, and not unduly discriminatory or preferential.

4.     Accordingly, we adopt reforms to the Commission's *pro forma* LGIP and *pro forma* LGIA.  Specifically, as explained in detail in this final rule, we adopt reforms to: (1) implement a first-ready, first-served cluster study process;[7] (2) increase the speed of interconnection queue processing; and (3) incorporate technological advancements into the interconnection process.

---

[6] *See Reform of Generator Interconnection Procs. & Agreements*, Order No. 845, 83 FR 21342 (May 9, 2018), 163 FERC ¶ 61,043, at P 24 (2018), *order on reh'g*, Order No. 845-A, 84 FR 8156 (Mar. 6, 2019) 166 FERC ¶ 61,137, *order on reh'g*, Order No. 845-B, 168 FERC ¶ 61,092 (2019).

[7] A first-ready, first-served cluster study process improves efficiency in the interconnection study process by including the following elements:  increased access to information prior to entering the queue; a mechanism to study interconnection requests in groups where all interconnection requests in the group are equally queued and of equal study priority; and increased financial commitments and readiness requirements to enter and proceed through the queue.  In contrast, the existing first-come, first-served serial study process in the *pro forma* LGIA and LGIP provides limited information to interconnection customers prior to entering the queue, assigns interconnection requests an individual queue position based solely on the date of entry into the queue, and contains limited financial and readiness requirements.

Document Accession #: 20191208-3060   Filed Date: 07/28/2023

5.      First, in order to implement a first-ready, first-served cluster study process, this final rule requires: (1) transmission providers to publicly post available information pertaining to generator interconnection; (2) transmission providers to use cluster studies as the interconnection study method; (3) transmission providers to allocate cluster study costs on a pro rata and per capita basis; (4) transmission providers to allocate network upgrade costs based on a proportional impact method; (5) interconnection customers to pay study and commercial readiness deposits as part of the cluster study process; (6) interconnection customers to demonstrate site control at the time of submission of the interconnection request; and (7) transmission providers to impose withdrawal penalties on interconnection customers for withdrawing from the interconnection queue, with certain exceptions. We also require transmission providers to adopt a transition process to move from the existing serial interconnection process to the new cluster study process.

6.      Second, in order to increase the speed of interconnection queue processing, this final rule: (1) eliminates the reasonable efforts standard for conducting interconnection studies and imposes a financial penalty on transmission providers that fail to meet interconnection study deadlines; and (2) establishes an affected system study process and associated *pro forma* affected system agreements.

7.      Third, in order to incorporate technological advancements into the interconnection process, this final rule requires transmission providers to: (1) allow more than one generating facility to co-locate on a shared site behind a single point of interconnection and share a single interconnection request; (2) evaluate the proposed addition of a generating facility at the same point of interconnection prior to deeming such an addition

a material modification if the addition does not change the originally requested

interconnection service level; (3) allow interconnection customers to access the surplus

interconnection service process once the original interconnection customer has an

executed LGIA or requests the filing of an unexecuted LGIA; (4) use operating

assumptions in interconnection studies that reflect the proposed charging behavior of an

electric storage resource; and (5) evaluate the list of alternative transmission technologies

enumerated in this final rule during the generator interconnection study process.  This

final rule also requires interconnection customers requesting to interconnect a non-

synchronous generating facility to:  (1) provide the transmission provider with the models

needed for accurate interconnection studies; and (2) have the ability to maintain power

production at pre-disturbance levels and provide dynamic reactive power to maintain

system voltage during transmission system disturbances and within physical limits.

Finally, this final rule requires that all newly interconnecting large generating facilities

provide ride through capability consistent with any standards and guidelines that are

applied to other generating facilities in the balancing authority area on a comparable

basis.

8.      We also adopt reforms to the *pro forma* SGIP and *pro forma* SGIA.  Specifically,

as explained in detail in this final rule, for small generating facilities we propose reforms

to incorporate the enumerated alternative transmission technologies into the

interconnection process, and to provide modeling and ride through requirements for non-

synchronous generating facilities.

9.     Many of the reforms adopted in this final rule track the Notice of Proposed

Rulemaking's[8] (NOPR) proposed reforms closely.  However, as discussed more fully

below, we have revised aspects of the reforms pertaining to the cluster study process,

allocation of cluster study and network upgrade costs, increased financial commitments

and readiness requirements, financial penalties for delayed interconnection studies, the

affected system study process, *pro forma* affected system agreements, the material

modification process, operating assumptions for interconnection studies, incorporating

the enumerated alternative transmission technologies, and ride through requirements.

Additionally, as discussed more fully below, we decline to adopt the NOPR proposals

pertaining to informational interconnection studies, shared network upgrades, the

optional resource solicitation study, and the alternative transmission technologies annual

report.

10.    We recognize that transmission providers have undertaken efforts to address

interconnection queue management issues.  This final rule is not intended to divert or

slow the potential progress represented by those efforts, and we encourage transmission

providers to continue to innovate to remedy their identified interconnection queue

management issues.  We note that the compliance obligations that result from this final

rule will be evaluated in light of the independent entity variation standard for regional

---

[8] *Improvements to Generator Interconnection Procs. & Agreements*, 87 FR 39934
(July 5, 2022), 179 FERC ¶ 61,194 (2022) (NOPR).

Docket No. RM22-14-000                                                             - 9 -

transmission organizations (RTO) and independent system operators (ISO) and the

consistent with or superior to standard for non-RTO/ISO transmission providers.[9]

### A.    Historical Framework:  Order Nos. 2003, 2006, and 845

11.    In Order No. 2003, the Commission recognized a need for a standard set of

interconnection procedures for transmission providers and a single, uniformly applicable

interconnection agreement for large generating facilities.[10]  The Commission noted that

generator interconnection is a "critical component of open access transmission service

and thus is subject to the requirement that utilities offer comparable service under the

[*pro forma* open access transmission tariff (tariff)]."[11]  The Commission found that it was

appropriate to establish a standard set of generator interconnection procedures to

"minimize opportunities for undue discrimination and expedite the development of new

generation, while protecting reliability and ensuring that rates are just and reasonable."[12]

To this end, the Commission adopted the *pro forma* LGIP and *pro forma* LGIA and

---

[9] Order No. 2003, 104 FERC ¶ 61,103 at P 26; *see infra* Section IV.

[10] Order No. 2003, 104 FERC ¶ 61,103 at P 11.  Large generating facilities are defined to mean "a Generating Facility having a Generating Facility Capacity of more than 20 MW."  *Pro forma* LGIP section 1.

[11] Order No. 2003, 104 FERC ¶ 61,103 at P 9 (citing *Tenn. Power Co.*, 90 FERC ¶ 61,238 (2000)).

[12] *Id.* P 11.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 23, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties via the Court's electronic filing system.

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Attorney